# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-1095V
Filed: November 26, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| JANE O. WITHAM, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Paul S. Dannenberg*, *Esq.*, Huntington, VT, for petitioner.
*Glenn A. MacLeod*, *Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On August 15, 2017, Jane O. Witham ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleged that she suffered multiple left shoulder injuries, including inability to use her left arm, with soreness, tingling, swelling, intermittent numbness, and acute pain after receiving a pneumococcal conjugate vaccination on or about July 10, 2015.. *See* Petition, ECF No. 1. On January 23, 2019, the parties filed a stipulation, which the undersigned adopted as her Decision awarding compensation on January 24, 2019. ECF No. 27.

On August 4, 2019, petitioner filed an application for attorneys' fees and costs. ECF No.

---

[1] The undersigned intends to post this Decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

32 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $23,024.76 (representing $22,080.00 in attorneys' fees and $944.76 in costs). Fees App. at 2. Pursuant to General Order No. 9, petitioner warrants that she has personally incurred costs of $50.00 in pursuit of this litigation. Fees App. Ex. 4. Respondent responded to the motion on August 19, 2019, stating "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3, ECF No. 33. Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

### I. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, because petitioner was awarded compensation, she is entitled to a reasonable award of attorneys' fees and costs.

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

### II. Discussion

**A.     Reasonable Hourly Rate**

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum

jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

Petitioner requests that her attorney, Mr. Paul Dannenberg, be compensated at a local Vermont hourly rate of $300.00 per hour for all work performed in this case, from 2016-2019. Petitioner argues this rate is reasonable because Mr. Dannenberg has previously been compensated at $275.00 per hour for 2015-2018, and that adjusting for inflation using the BLS CPI inflation calculator raises the rate to a present value of $301.40. Fees App. at 2 n. 2. This argument must fail because it has previously been considered by this Court, the Court of Federal Claims, and the Court of Appeals for the Federal Circuit and has been uniformly rejected. *See Chiu v. United States*, 948 F.2d 711, 719 (Fed. Cir. 1991) (ruling that awarding current hourly rates for past work is "barred by the no-interest rule".); *Simmons v. Sec'y of Health & Human Servs.*, No. 11-216V, 2016 WL 6156330, at *4 (Fed. Cl. Spec. Mstr. Sept. 28, 2016) (applying the holding in *Chiu* to reject a Vaccine Program petitioner's argument that counsel should be awarded attorneys' fees based upon a calculation of net present value). Accordingly, Mr. Dannenberg may not be compensated at an hourly rate based upon the present value of his previously awarded rates.

The question at bar then is what a reasonable hourly rate for Mr. Dannenberg's work is. For the work in this case performed in 2016-2018, the undersigned shall compensate Mr. Dannenberg at his previously awarded rate of $275.00 per hour. *See Spahn v. Sec'y of Health & Human Servs.*, 138 Fed. Cl. 252, 264 (Fed. Cl. 2018) (finding $275.00 per hour to be reasonable for Mr. Dannenberg's work in 2015-2018). Turning next to a reasonable rate for Mr. Dannenberg's 2019 work, the undersigned finds that $281.00 per hour is reasonable using several metrics. Use of the Bureau of Labor Statistics CPI inflation calculator yields an hourly rate of $280.35.[3] Use of Producer Price Index – Offices of Lawyers ("PPI-OL"), the same metric the Office of Special Masters uses to calculate its annual Attorneys' Forum Hourly Rate Fee Schedule, yields a proposed hourly rate of $280.72. Accordingly, $281.00 is a reasonable hourly rate for Mr. Dannenberg in 2019. Application of these rates results in a reduction of **$1,737.40**.[4]

### B.  Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health &*

---

[3] This number is derived by using Mr. Dannenberg's 2018 rate of $275.00 per hour and calculating inflation from September 2018, the month when the Court of Federal Claims confirmed this rate as reasonable, to October 2019, the most recent month for which the Department of Labor has data for at the time of issuance of this Decision. The inflation calculator is available at: https://www.bls.gov/data/inflation_calculator.htm.

[4] For work performed in 2015-2018: ($300.00 per hour requested - $275.00 per hour awarded) * 56.5 hours = $1,412.50.
For work performed in 2019: ($300.00 per hour requested - $281.00 per hour awarded) * 17.1 hours = $324.90.

3

*Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08–756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14–1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728–29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

The overall hours spent on this matter requires a minor reduction due to paralegal tasks billed at attorney rates. The billing records indicate that Mr. Dannenberg performed a number of tasks typically performed by paralegals (e.g., acquiring medical records, making photocopies, faxing documents). Accordingly, to achieve rough justice, the undersigned shall reduce the final award of fees by five percent, resulting in a reduction of **$1,017.13**.[5] Petitioner is thus awarded final attorneys' fees of **$19,325.47**.

C.  **Reasonable Costs**

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $944.76 in costs, comprised of obtaining medical records, postage, photocopies, and the Court's filing fee. Fees App. Ex. 3. These are typical costs in Vaccine Program cases and appear reasonable in the undersigned's experience. Petitioner has provided adequate documentation supporting all his requested costs. However, the final award of costs must be reduced by $50.00 to account for the portion of the filing fee paid for by petitioner. Fees App. at 2. Petitioner is therefore awarded final attorneys' costs of **$894.76**.

D.  **Petitioner's Costs**

Pursuant to General Order No. 9, petitioner warrants that she has personally incurred costs in the amount of $50.00 as a partial payment of the filing fee. Fees App. at 2, Ex. 4. This cost is reasonable and the undersigned shall award it in full.

---

[5] ($22,080.00 requested - $1,737.40 rate adjustment) * 0.05 = $1,017.13.

### III. Conclusion

Based on all the above, the undersigned finds that petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested | $22,080.00 |
| (Reduction to Fees) | - ($2,754.53) |
| **Total Attorneys' Fees Awarded** | **$19,325.47** |
| | |
| Attorneys' Costs Requested | $944.76 |
| (Reduction of Costs) | - ($50.00) |
| **Total Attorneys' Costs Awarded** | **$894.76** |
| | |
| **Total Attorneys' Fees and Costs** | **$20,220.23** |
| | |
| **Petitioner's Costs** | **$50.00** |
| | |
| **Total Amount Awarded** | **$20,270.23** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. **Accordingly, the undersigned awards the following:**

1) **A lump sum in the amount of $20,220.23, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and her attorney, Mr. Paul Dannenberg; and**

2) **A lump sum in the amount of $50.00, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

<u>s/Mindy Michaels Roth</u>
Mindy Michaels Roth
Special Master

---

[6] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).